UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:15-CV-00235-TBR-LLK

DONNY CLYDE STANLEY                                                                                    PLAINTIFF

v.

CAROLYN W. COLVIN, Commissioner of Social Security                              DEFENDANT

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION**

Plaintiff filed a complaint seeking judicial review of the final decision of the Commissioner denying his claim for Social Security disability benefits pursuant to 42 U.S.C. § 405(g). The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.

The fact and law summaries of Plaintiff and Defendant are at Docket Numbers 14 and 18, and the matter is ripe for determination.

Plaintiff alleges disability due to migraine headaches. Because he failed to allege or establish a frequency and severity of symptoms in excess of what is tolerable to most employers and because the determination of the degree of subjective symptoms is essentially a credibility (as opposed to a medical) finding lying within the Commissioner's province as fact-finder, the RECOMMENDATION will be to AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Plaintiff failed to prove his disability claim.**

Plaintiff alleges disability due to migraine headaches, neck and back problems, and a seizure disorder.

Plaintiff has no regular treating physician. He uses the emergency room (ER) for relief from migraine symptoms. His ER records show 5 visits in 2009 and 2010, 6 in 2011, 11 in 2012, and 7 in 2013. See Plaintiff's memorandum, Docket Number (DN) 14-1, p. 2, listing ER visits by date.

1

At the administrative hearing, Plaintiff testified that his migraines occur about 2 to 3 times a month and last from 30 minutes to 4 hours. Administrative Record (AR), p. 27. The vocational expert (VE) testified that most employers will not tolerate absences from the job (due to migraines or any other reason) of 3 or more days per month ("two days a month maximum on an ongoing basis") and will not tolerate being off-task (except during normal, scheduled breaks) more than 10 percent of the time (the on-task standard being "90 percent or greater"). AR, pp. 51-52.

Plaintiff has not alleged a frequency and severity of migraine symptoms that would necessarily be intolerable to most employers or preclude performance of a significant number of jobs in the national economy. In any event, a disabling degree of limitation is not established by Plaintiff's ER records or any other evidence in the administrative record that the ALJ was required to accept as fully credible.

Regarding his neck and back problems, Plaintiff testified that he can sit for only 30 minutes at a time without having to lie down or walk away from the job site for 10 to 15 minutes. AR, p. 53. The VE testified that a significant number of jobs allow alternate sitting/standing every hour so long as absences from the job site do not exceed the 90-percent on-task standard. AR, pp. 50 and 53. Plaintiff has failed to identify any evidence, which the ALJ was required to accept, of a need for alternate sitting/standing or leaving the job site in excess of relevant vocational limits.

Regarding his seizure disorder, Plaintiff has failed to show that it results in limitations not adequately accommodated by the ALJ's finding that he cannot climb ropes, ladders, or scaffolds and must avoid unprotected heights and other hazards (AR, p. 103), which the VE testified would preclude Plaintiff's past relevant work as a cabinet maker (AR, p. 48).

Plaintiff had the ultimate burden of establishing his disability claim, and he failed to satisfy that burden. See Foster v. Commissioner, 279 F.3d 348, 353 (6th Cir.2001) (The burden lies with the claimant to prove that he is disabled). Alternatively, the vocational testimony provided substantial evidence in

support of the ALJ's decision.  See Ealy v. Commissioner, 594 F.3d 504, 516 (6th Cir.2010) (A VE's testimony in response to hypothetical questions generally provides substantial evidence supporting the decision).

### The ALJ's findings with respect to Plaintiff's migraines were not based on an improper rejection of all medical opinions.

Plaintiff contends that the ALJ's decision does not comport with governing legal standards because, in determining his residual functional capacity (RFC), the ALJ "in essence rejected all of the medical evidence in the [administrative] record" and improperly supplied his own medical opinion of what Plaintiff can still do despite his impairments.  Plaintiff's memorandum, DN 14-1, p. 3.  "Usually, when an ALJ rejects medical evidence favorable to the claimant, there [must be some] other medical evidence in the record to support the denial of benefits."  Id.

There are, indeed, circumstances in which an ALJ's RFC finding must be supported by at least one medical opinion.  See, for example, Brown v. Commissioner, 5:12-CV-00145-LLK, 2013 WL 1703885 (W.D.Ky.) quoting Campbell v. Barnhart, 178 F.Supp.2d 123, 134 (D.Conn.2001) ("[W]here there is no medical testimony to rebut the ... opinion of the treating physician, nor is there overwhelmingly compelling non-medical evidence to the contrary, in the absence of competing medical opinions, then there is not substantial evidence necessary to support the ALJ's determination").

This case, however, presented no such circumstance for two reasons.  First, the ALJ did not reject any genuine medical opinion but only two one-time examining source statements, which uncritically recorded Plaintiff's self-description of the frequency and severity of migraine and other subjective symptoms:  "The undersigned finds that consultative examiners, Olaguoke Akinwande, M.D., and Kip Beard, M.D.'s conclusory statements are not based on clinical or objective evidence but largely on the claimant's own complaints and account of his symptoms and limitations."  ALJ's decision, AR, p. 104 referring medical reports at AR, pp. 419-421 and 803-807.  Such opinions that "would direct the determination or decision of disability" are not "medical opinions" but rather "medical source opinions

3

on issues reserved to the Commissioner," which are entitled to no "special significance." 20 C.F.R. § 404.1527(d). Second, the ALJ's RFC finding must be supported by at least one medical opinion only when it is so inherently "medical" in nature (e.g., an opinion that a person with a certain type of herniated disc or nerve impingement can stand/walk only so many hours at a time) that the non-medical evidence alone cannot adequately support it. See Brown, supra ("Unless substantial evidence supports a determination of a claimant's RFC based solely on the non-medical evidence, an ALJ's RFC finding must be supported by at least one medical opinion"). Here, the ALJ's finding with respect to the degree of subjective symptoms was essentially a credibility (as opposed to a medical) finding. Such a finding is based substantially on the non-medical evidence and lies within the ALJ's province as fact-finder. Absent a compelling reason, a reviewing court generally will not disturb an ALJ's credibility findings. Smith v. Secretary, 307 F.3d 377, 379 (6th Cir. 2001).

The ALJ's findings with respect to Plaintiff's migraines were not based on an improper rejection of all medical opinions in the administrative record.

## RECOMMENDATION

The Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**NOTICE**

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.1984).