UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-00235-TBR-LLK

DONNY CLYDE STANLEY                                              Plaintiff

v.

CAROLYN COLVIN,                                                  Defendant
COMMISSIONER OF SOCIAL SECURITY

**MEMORANDUM OPINION AND ORDER**

Plaintiff Clyde Stanley filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision by the Commissioner of Social Security after Stanley's application for disability benefits was denied. Stanley argues the Administrative Law Judge's ("ALJ") findings were not based on substantial evidence and improperly disregarded the opinion of two physicians. Magistrate Judge King issued a report and recommendation which recommended that the findings of the ALJ be affirmed. (DN 19). Stanley filed an objection. (DN 20). After a review of the administrative record the Court adopts the recommendation of Magistrate Judge King and affirms the findings of the ALJ.

LEGAL STANDARD

Any individual may seek a review of a final decision of the Commissioner of Social Security in the federal district court for the judicial district in which the plaintiff resides. 42 U.S.C. § 405(g). However, a district court does resolve conflicts in evidence or decide questions of credibility. *See, e.g., Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) ("When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's

decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility").

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In other words, a district court must affirm the conclusions of the Commissioner of Social Security unless the district court determines that an incorrect legal standard was applied or findings of fact are not supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir.2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jordan*, 548 F.3d at 422 (*citing Richardson v. Perales*, 402 U.S. 389, 401, (1971)).

An ALJ performs a five-step analysis to determine whether a claimant is disabled within the meaning of the Social Security Act:

1. If the claimant is engaged in substantial gainful activity, she is not disabled.

2. If the claimant is not engaged in substantial gainful activity, but her impairment is not "severe," she is not disabled.

3. If the claimant is not engaged in substantial gainful activity and is suffering from a "severe" impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

4. Otherwise, if the claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

5. Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled. 20 C.F.R. § 404.1520; *see also Jordan*, 548 F.3d at 422.

The claimant bears the burden of proof with respect to the first four steps. *Jordan*, 548 F.3d at 422. The burden shifts to the Social Security Administration to prove that there are available jobs in the national economy that the claimant is capable of performing. *Id.* at 423 (*citing Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391–92 (6th Cir.1999)).

BACKGROUND

Stanley claims he is disabled due to migraine headaches, neck and back problems, and seizure disorder. In 2011, Stanley filed a claim for Disability Insurance Benefits and Supplemental Security Income. Stanley's claim was initially denied and again denied on reconsideration. ALJ Craig R. Petersen conducted an oral hearing. (DN 9-2, p. 11-56). The ALJ found that Stanley's chronic headaches qualified as a severe impairment, but that there was insufficient evidence as to Stanley's claims for his neck, back, and seizures. (DN 9-3, p. 48). The ALJ further found that Stanley had "the residual functional capacity to perform less than the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). (DN 9-3, p. 49). The ALJ also found that Stanley was unable to return to his prior profession as a cabinetmaker. (DN 9-3, p. 50). However, the ALJ found "there are jobs that exist in significant numbers" which Stanley could perform, given his "age, education, work experience, and residual functional capacity." (DN 9-3, p. 51). Stanley appealed the ALJ's decision to the Appeals Council, which affirmed the ALJ. (DN 9-2, p. 2-4). Stanley thereafter filed this action. (DN 1).

Stanley claims he is disabled as defined by the Social Security Act and entitled to benefits. Stanley argues the ALJ's decision was not based upon substantial evidence. (DN 1). Both Stanley and the Commissioner briefed the issue. (DN 14, 18). Magistrate

Judge King issued a report and recommendation which recommended that the findings of the ALJ be affirmed. (DN 19). Stanley filed an objection. (DN 20). For the following reasons, the Court adopts Magistrate Judge King's recommendation.

DISCUSSION

The ALJ found that Stanley's migraines qualified as a severe impairment, but that there was insufficient evidence as to Stanley's claims for his neck, back, and seizures. (DN 9-3, p. 48). Although the ALJ found Stanley's migraines were a severe impairment, the ALJ did not find Stanley to be disabled because "there are jobs that exist in significant numbers" which Stanley could perform, given his "age, education, work experience, and residual functional capacity." (DN 9-3, p. 51). Stanley argues the ALJ's determination that Stanley was not disabled was not based on substantial evidence.

"Substantial evidence is more than a mere scintilla." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is not this Court's role to "resolve conflicts in evidence, or decide questions of credibility." *Bass*, 499 F.3d at 509. "Instead, we consider the ALJ's decision determinative if there is 'such relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Id*. (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir.2001)). "If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Id*. (quoting *Longworth v. Comm'r of Soc. Sec.,* 402 F.3d 591, 595 (6th Cir.2005)).

In this case, Stanley complains of suffering migraines, neck and back pain, and having a seizure disorder. Stanley claims to suffer from migraines twice a month or

4

more often. Due to a lack of medical insurance, Stanley received treatment through visits to emergency rooms. In total, Stanley visited the emergency room five times in 2010, five times in 2011, eleven times in 2012, and four times in 2013 for his headaches. Stanley also submitted records from his treating chiropractor.

Stanley regularly treats his migraines with Excedrin, which he reported would normally dispel the headache or dampen it to a tolerable level. (DN 9-7, p. 71, 100). Stanley's visits to the emergency room generally followed waking up from a migraine or otherwise failing to catch it early enough to treat it with Excedrin. (DN 9-7, p. 100, 117). Stanley smokes half a pack of cigarettes a day and has been instructed to quit. (DN 9-7, p. 8). Stanley has not sought regular treatment for his migraines. The Social Security Administration had Stanley evaluated by two physicians, Dr. Kip Beard and Dr. Olaguoke Akinwande. Dr. Beard placed some limitations on Stanley, such as no more than two hours sitting, one hour walking, and one hour standing without interruption. (DN 9-8, p. 254). However, Dr. Beard also opined that Stanley could move in a normal fashion and could lift up to 20 pounds continuously, 21 to 50 pounds frequently, and 51 to 100 pounds occasionally. (DN 9-8, p. 250, 253). Dr. Beard placed no limitations on Stanley's use of his feet, hands, or any postural activities. (DN 9-8, p. 255-56). Dr. Akinwande found Stanley had "no physical limitations" and referred Stanley to a neurologist for his reported migraines. (DN 9-7, p. 162).

The ALJ considered the above evidence. In addition, the ALJ conducted a hearing. At the hearing, the ALJ heard testimony from Stanley, his wife, and a vocational expert. (DN 9-2, p. 11-56). The ALJ heard testimony that Stanley regularly completed a "variety of daily activities, such as sweeping, washing dishes, making his bed, preparing meals, taking out the garbage, doing some shopping, caring for his pets,

doing yard work, socializing, and attending church." (DN 9-3, p. 50). The ALJ found Stanley had a residual functional capacity to perform work, albeit with certain restrictions on standing, walking, and sitting. The ALJ relied upon testimony from the vocational expert in holding that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (DN 9-3, p. 51). Accordingly, the ALJ found that Stanley was not disabled.

Stanley argues the ALJ "weave[d] his own [residual functional capacity opinion] from whole cloth," with "no supporting medical evidence." (DN 20). However, the Court finds that the ALJ considered the opinions of Dr. Beard and Dr. Akinwande. The ALJ did state that he gave these opinions "relatively little weight" because they relied largely on Stanley's self-reported complaints and not on a history of treatment. (DN 9-3, p. 50). However, the ALJ's determination as to Stanley residual functional capacity to perform work closely mirrors the recommendations of Dr. Beard. (DN 9-3, p. 49).

Stanley also argues the ALJ "essentially rejected all evidence favorable to Mr. Stanley." (DN 14-1). However, the Court finds that the ALJ, in reaching its conclusion about the severity of Stanley's migraines, relied upon the testimony of Stanley and his wife as to his daily routine. The ALJ also relied upon Stanley's treatment history, which detailed the frequency with which Stanley sought medical help and notes that Stanley regularly reported he could effectively manage his migraines with Excedrin. "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, the claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 532 (1997). The Court finds the ALJ relied on substantial medical evidence in reaching his conclusions. *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could

also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.").

IT IS HEREBY ORDERED that, for the foregoing reasons, the Court ADOPTS the report and recommendation of Magistrate Judge King, AFFIRMS the final decision of the Commissioner, and DISMISSES Stanley's complaint.

A separate judgment will be issued.


cc:	Counsel